DAVID Y. SEARLES, PLAINTIFF IN ERROR, v. JAMES H. ODEN, DEFENDANT IN ERROR.

1. **Conversion of Property.** O. sued S. for the wrongful conversion of a lot of hay standing in stacks on the land of L. The alleged ownership of the hay by O. was denied upon the ground that he was a trespasser in going upon the land and making it. O. obtained a verdict and judgment in his favor, one of the errors complained of being the want of evidence to support the verdict. Evidence examined and held to be sufficient.

2. **Evidence:** REJECTION OF. Where a question put to a witness calls for an answer which is incompetent, or which can have no legitimate bearing upon any issue in the case, it is not error to reject it.

ERROR to the district court for Gage county. Tried below before WEAVER, J.

*H. G. Candee,* for plaintiff in error, cited: *Murphy v. S. C. & P. R. R. Co.,* 55 Iowa, 473. Conversation was not sufficient evidence of lease or authority to enter on land.

Gen. Stat., 392, sec. 5. And see *Hungerford v. Redford,* 29 Wis., 345. *Turley v. Tucker,* 6 Mo., 583.

*Bush & Rickards,* for defendant in error, cited: *Chicago Dock Co. v. Kinzie,* 49 Ill., 289. *Robison v. Uhl,* 6 Neb., 328. *Rickards v. Cunningham,* 10 Id., 417, and authorities cited.

LAKE, CH. J.

The action in the court below was brought by Oden to recover the value of a lot of hay alleged to have been wrongfully taken from him and converted by Searles to his own use. This hay had been cut by Oden on land belonging to one Larimore, who was, it seems, a non-resident of this state. Oden recovered a judgment which it is now sought to reverse upon two grounds: *first,* for error occurring on the trial in the rejection of certain testimony; and, *second,* for that the evidence was not sufficient to support the verdict.

The principal question on the trial, and the one upon which Searles mainly relied to prevent a recovery, was as to Oden's right to enter upon Larimore's land and make the hay. The evidence upon this point, it must be conceded, was exceedingly meager, but ample we think to show such right with sufficient clearness for the purposes of this controversy. This evidence consisted simply of the testimony given by Oden himself to the effect that, three years before, Larimore had given him permission to "cut hay there." That such permission was given was not controverted by any evidence whatever, so that it must be taken as an established fact; and, although the privilege thus granted seems to have been quite general, and altogether indefinite as to the time of its continuance, so long as Larimore made no objection, but assented to its exercise, even tacitly, it would, as to strangers at least, give Oden a good title to hay made by him on the land. We think the evidence

upon the question of the right of Oden to the hay was suf-
ficient to support the verdict, and that there is no error in
this particular.

The alleged error in the rejection of testimony was in
sustaining an objection to a question put to the witness C.
L. Schell, called on behalf of the plaintiff in error. The
question was this: "State whether or not, during the last
three years, the plaintiff Oden has had any lease of the
premises, or any right of entry to the premises?" This wit-
ness had testified that he was the agent of Mr. Larimore,
and had been such agent for about three years, and in answer
to a previous question, had stated that there had been no
lease of the land through him, or that he knew of, during
that time. The question was properly held to be immate-
rial. Oden did not claim to be a lessee of the land, nor did
his right to recover depend upon his having a lease. In
his petition he had alleged his ownership of the hay which
he claimed Searles had converted. To this it was answered
that Oden was a trespasser upon the land where he had
"without leave or license"    *    *    *    "cut the
grass, and put up the prairie hay mentioned in the plain-
tiff's petition." And in support of his claim of ownership
Oden had testified, as already stated, that Larimore in per-
son had given him the right to make the hay. The
question, therefore, at this stage of the case was not
whether Oden had a lease from the owner of the land,
but simply whether the privilege which he claimed had
been given. If what Oden swore to in this particular
were true—and it was not disputed—then he was not a
trespasser, and his ownership of the hay, and his right to
recover for its conversion, were fully established. The fact
that he had no lease from Larimore would not defeat him.
As to that branch of the question which asked of the wit-
ness whether Oden had "any right of entry to the prem-
ises," it may be answered that it called for the opinion of
the witness upon a question of law which could be prop-

erly drawn only from facts proven, and was therefore rightly held to be inadmissible. An answer to this question could have had no legitimate bearing upon any issue in the case, and it was therefore rightly rejected. There is no error in the matters complained of, and the judgment must be affirmed.

JUDGMENT AFFIRMED.